# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL HOWARD TILLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-10-429-RAW |
| DERRELL SUMMERS, et al., | ) ) ) |
| Defendant. | ) |

## ORDER

On January 10, 2011, this court entered an order granting plaintiff's motion to proceed *in forma pauperis*. The order also directed plaintiff to file an amended complaint with an eye toward satisfying 28 U.S.C. §1915(e)(2)(B)(ii), which requires dismissal if the complaint "fails to state a claim on which relief may be granted." In the interim, plaintiff has filed an amended complaint and a second amended complaint, the latter of which the court will now consider. Also before the court is the motion of plaintiff for appointment of counsel.

The standard under §1915(e)(2)(B)(ii) is the same as that applicable under Rule 12(b)(6) F.R.Cv.P.. *See Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir.2007). The court looks for plausibility in the complaint, and in particular looks to the specific allegations to determine whether they plausibly support a legal claim for relief. *Id.* at 1218. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir.2009).

In the second amended complaint, plaintiff expressly states that he brings the action pursuant to 42 U.S.C. §§1983 and 1985, thereby remedying one defect previously noted by the court, a lack of basis for federal jurisdiction. In Count Two, he alleges use of excessive force by defendant Choate (Sheriff of Okfuskee County) and Derrell Summers (Undersheriff of Okfuskee County) when they placed plaintiff in custody. The court finds these allegations (and the parallel allegations in Count One alleging a state law claim for assault and battery) are sufficient. Also sufficient are the allegations in Count Three (false arrest) and Count Four (false imprisonment) against the same two defendants.

In the remainder of the counts, plaintiff alleges claims against other defendants as well as Choate and Summers. In Count Five, plaintiff alleges that defendants Choate, Summers, Fish and Manos caused plaintiff to be "defamed" by causing him to be taken to a mental health center in handcuffs in broad daylight on a major street in Okemah. Although some states have recognized the tort of "defamation by conduct," it does not appear Oklahoma has done so. This claim will be dismissed.

In Count Six, plaintiff alleges the defendants are liable for intentional infliction of emotional distress by forcing him to undergo a mental evaluation whereby he was diagnosed, in plaintiff's words, "with a non-existent but very serious mental condition." The court concludes plaintiff has not made allegations sufficient for this claim to survive. *See Computer Publications, Inc. v. Welton,* 49 P.3d 732, 735 (Okla.2002); *Miller v. Miller,* 956 P.2d 887, 901 (Okla.1998).

In Count Seven, plaintiff alleges that defendants Choate, Summers, Manos and Fish conspired to discredit plaintiff by having him diagnosed with a serious mental condition. Conclusory allegations of conspiracy are insufficient to state a valid claim. *See Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.,* 546 F.3d 1288, 1298 (10th Cir.2008). Count Seven will be dismissed.

Finally, in Count Eight plaintiff alleges another conspiracy. He contends that a Thomas Dodds (who is evidently a non-lawyer who offers certain legal assistance for a fee) conspired with other defendants to deliberately do a poor job of writing plaintiff's initial complaint. This bizarre allegation fails to state a conspiracy claim either as to Mr. Dodds or any other defendant.

As previously noted, plaintiff also seeks appointment of counsel. There is no constitutional right to the assistance of counsel in a civil action. *See Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir.1989). Having reviewed plaintiff's remaining claims, his ability to present those claims, and the complexity of the legal issues involved, the court concludes appointment of counsel is not warranted in this case. *See Long v. Shillinger,* 927 F.2d 525, 526-27 (10th Cir.1991)(listing factors).

It is the order of the court that plaintiff's motion for appointment of counsel (#6) is hereby DENIED.

As to plaintiff's second amended complaint, Counts 5-8 are hereby dismissed for failure to state a claim. Counts 1-4 are not dismissed. Accordingly, all defendants are dismissed as parties with the exception of defendants Choate and Summers.

**ORDERED THIS 28th DAY OF FEBRUARY, 2011.**

**Dated this 28th day of February, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma