## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

```
PAUL HOWARD TILLEY,            )
                               )
                Plaintiff,     )
                               )
        v.                     )    No. CIV-10-429-FHS
                               )
JACK CHOATE, SHERIFF, et. al., )
                               )
                Defendants.    )
```

### ORDER

Before the court for its consideration is the Defendants Jack Choate and Derrell Summers' Motion to Dismiss (Doc. 59). In this motion, the defendants request this court to dismiss the case against them for plaintiff's failure to comply with a discovery order of this court. Plaintiff responds that he does not want to give the defendants what they are seeking because he does not want them to tailor their defense. He simply wants the truth to come out.

On February 9, 2012, the court held a hearing in this matter. Plaintiff represented himself. The defendants were represented by Stephen Geries. At the hearing, the defendants again argued plaintiff has failed to produce anything they have requested and specifically has failed to confirm the existence of an audio tape. At the hearing the plaintiff stated he has not failed to respond and is not withholding anything. He claims the information defendants seek simply does not exist. He also confirmed he is not in possession of an audio tape of the incident, as he had previously indicated.

The court finds the facts as follows. On November 17, 2010, plaintiff filed this 42 U.S.C. Sec. 1983 action against defendants.  In this suit, plaintiff alleges his civil rights were violated when he went to the Sheriff's office to ask them about investigating an alleged murder.  On August 4, 2011, the court held a Status and Scheduling Conference and entered a scheduling order in this matter.  On August 12, 2011, defendant served their First Request for Production of Documents and their First Set of Interrogatories on plaintiff.  Plaintiff failed to respond.  On November 22, 2011, defendants filed their motion to compel citing plaintiff's failure to fully and completely respond to their discovery requests.  In that motion, defendants requested the court compel the following information and documents:

> Defendant Derrell Summers' First Set of Interrogatories:
>
>> 3. Please identify and provide each and every fact or piece of evidence which you believe supports each denial to Defendant Jack Choate's Request for Admission.
>
> Defendant Jack Choate's First Set of Interrogatories:
>
>> 3. Have you ever been a party to any litigation, civil or criminal, including but not limited to, worker's compensation claims, divorce proceedings, bankruptcy, and probate?
>>
>> 7. Have you, or anyone on your behalf taken, obtained or have knowledge of a written, oral or recorded statement of any individual purporting to have knowledge of any of the allegations in the Plaintiff's Second Amended Complaint?
>
> Defendant Jack Choate's First Set of Requests for Production of Documents:
>
>> 1. Produce any and all audio tapes, photographs, videotapes, movies, any other photographic depictions and any and all audio recordings relating to the

incidents described in the Plaintiff's Second Amended Complaint or any injuries (both physical and emotional/psychological) or damages which you allege stem therefrom.

2. Produce any and all documents supporting the allegations made in Plaintiff's Second Amended Complaint.

3. Produce any and all documents that would support your claim for damages.

4. Produce each and every document upon which you rely or intend to rely upon at trial in support of the allegations contained in the Plaintiff's Second Amended Complaint.

5. Produce any and all documents referred to or utilized in answering Defendant Jack Choate's First Set of Interrogatories to Plaintiff.

15. Produce any and all narratives or other reports provided to you or anyone on your behalf regarding any injury, medical or mental health condition which you allege you suffered by reason of the acts or omissions described in the Plaintiff's Second Amended Complaint.

18. Produce any and all prescriptions, bills, and any other documents of whatever nature regarding any medications prescribed to you by any doctor, hospital, or any other medical or mental health services provider for any injury (both physical and emotional/psychological) which you allege stems from the incidents described in the Plaintiff's Second Amended Complaint.

24. Produce each and every document which reflects any prior criminal charges and/or convictions involving the Plaintiff.

26. Produce any and all documents which support each denial of Defendant Jack Choate's Request for Admissions.

28. Produce any and all documents which support your claims that you are a "disabled citizen."

Also, on November 22, 2011, defendants filed their Motion to Release the Medical/Psychological and Counseling Records of the Plaintiff.  Plaintiff did not respond to either motion.  On December 13, 2011, the court entered a Minute Order granting defendants' motions and gave the plaintiff until December 30, 2011, to comply.  In this order, the court warned the plaintiff his failure to comply with this order could result in dismissal of his case.

On December 30, 2011, plaintiff filed a motion asking the court to reconsider its previous decision compelling the plaintiff to comply with the discovery requests. In this motion, he states that he requests the court to reconsider because if he is required to produce evidence, including an alleged audio tape, this would allow the defendants to tailor their defense and cover up the truth.  On January 9, 2012, the court denied the motion to reconsider.  As of February 9, 2012, plaintiff has still failed to comply with the order the court entered compelling him to answer the interrogatories and requests for production.

Federal Rule of Civil Procedure 37 (b)(2)(A)(v) allows a court to dismiss "the action in whole are in part" when a party fails to cooperate in discovery.  In its order entered December 13, 2012, the court warned the plaintiff if he failed to respond to the court's order compelling discovery his lawsuit may be dismissed.  The court also held a hearing to give the plaintiff opportunity to explain why his suit should not be dismissed for his failure to comply. The court finds the plaintiff has had ample opportunity to comply with the order compelling him to respond to the defendants discovery requests but has just failed to do so.  Accordingly, the court grants the Defendants Jack Choate and Derrell Summers' Motion to Dismiss (Doc. 59).  See

Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992)(Holding court has discretion to issue a dismissal for parties failure to comply with discovery orders).

**IT IS SO ORDERED** this 9th, day of February, 2012.

Frank H. Seay
United States District Judge